"Q. And, then she went out and came back with a woman she introduced as Theresa Mitchell? A. That is correct."

On re-direct examination:

"Q. You all went there in regard to a date, is that right? A. Yes sir.

"Q. State whether or not well, I will word it this way—due to the fact that the State has brought it out. State whether or not, when you went to this address on the 9th of September, the Officer with you inquired if there was a girl available for a date? A. Yes sir, the Officer with me on that night did."

■ The evidence is deemed sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.

On Appellant's Motion for Rehearing

BELCHER, Commissioner.

Appellant contends that Officer Todd's testimony shows that he participated with the other officers in causing appellant to procure the girl; therefore, he is an accomplice and his testimony is not sufficient to corroborate the testimony of the other accomplices.

■ Officer Todd was called as a witness by the appellant. The law does not require the testimony of an accomplice to be corroborated, when given for the accused. The statute forbids conviction upon the testimony of an accomplice, unless corroborated, but does not require such testimony to be corroborated when given for the accused. Josef v. State, 34 Tex.Cr.R. 446, 30 S.W. 1067; Williams v. State, Tex.Cr. App., 37 S.W. 325.

The motion for rehearing is overruled.

Opinion approved by the Court.

Esidro CASTILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 27871.

Court of Criminal Appeals of Texas.

Nov. 30, 1955.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Transporting beer in a dry area is the offense; the punishment, a fine of $200 and thirty days in jail.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.